[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 20 December 1993 Date of Application: 20 December 1993 Date Application Filed: 20 December 1993 Date of Decision: 28 June 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford at Enfield. Docket No. CR93 89795. CT Page 7610
Albert B. Harper, Esq., For the Petitioner.
Carl Taylor, Esq., For the State of Connecticut.
BY THE DIVISION
The petitioner pled guilty to Escape 1st in violation of Conn. Gen. Stat. § 53a-169 and was sentenced on the Escape 1st and as a Persistent Serious Felony Offender in accordance with Conn. Gen. Stat. § 53a-40(c) and (g). The court imposed a sentence of seven years consecutive to the sentence he was serving at the time of the sentence.
The record shows that the petitioner and a companion escaped from the minimum security prison Carl Robinson Correctional Institution on December 19, 1992.
At the hearing counsel for the petitioner stated that his client had made his way to Illinois before his conscience got the best of him and he turned himself in to the police. In arguing before the panel, counsel noted that the petitioner was a model prisoner before the escape. In justification for his escape counsel argued that his client was given furloughs and those privileges were removed once he was divorced from his wife. The attorney felt that the frequency of gang violence in prison and the possibility of riots all contributed to the petitioner's decision to escape. To make matters more difficult, the petitioner's mother declining health contributed to his decision to leave. Counsel felt the petitioner felt remorse for his acts, he wanted the board to reduce the petitioner's sentence . . . "substantially."
The petitioner, when he spoke to the panel, noted that he wanted to get away from the gang violence and that prison does not rehabilitate. Petitioner expressed a desire to be with his family and offered, once outside, to work and pay back the State of Connecticut for the costs of finding him and returning him to prison. Noting he was not a violent person, CT Page 7611 he offered to pay a fine if it would reduce his present sentence.
The attorney for the state immediately wanted the panel to increase the sentence of the petitioner to twelve years consecutive. The state's attorney at the time of sentencing asked the court to impose a sentence of fifteen years consecutive. Counsel pointed out to the board that the escape was well organized by the petitioner.
In viewing the petitioner's records as a whole, the sentence imposed here is in accordance with P.B. 942. The sentence was neither inappropriate nor disproportionate in light of the offense, the character of the petitioner, the need to deter further conduct and the protection of the public. SENTENCE AFFIRMED.
Norko, J.
Purtill, J.
Stanley, J.
Norko, J., Purtill, J., and Stanley, J. participated in this decision.